Good morning. May it please the Court, Christopher Carmichael on behalf of the appellant, Flora. We're here on a case involving two copyright registrations for illustrations that featured two of Flora's products, the Seven Sources illustration and the FEB, or what the company calls the Flora Essence illustration. Now the plaintiff was hired and paid a flat fee of $2,500 for the Seven Sources project, and she was hired and paid a flat fee of $3,000 for the Flora Essence project. I'd like to focus my comments today on the statutory damages award and the two legal errors that led to that $3.6 million award. Counsel, I'd like to ask you a question about that. Did you make a motion for judgment as a matter of law on that issue? So there are two things I would say about the damages issue. So there's two different damages issues. The one is the two versus 33 works. That was determined by the court in advance of the trial. There were repeated objections to that, and the court settled that issue. Talk about the second one, the timeliness question. And the second issue, Your Honor, there was an oral, essentially an oral Rule 50A motion before the court, and the court took it as a legal issue and said it was a legal issue. And then after the jury, that was before the jury was charged. After the jury came back, there were briefs on it, two different briefs, I believe, at... As I read the transcript, it just was not clear to me that you were making a motion for judgment as a matter of law. And I mean, it's one thing, you know, if you, the waiver question gets difficult if it's an affirmative defense on which Flora bore the burden of proof. But even if Sullivan bore the burden of proof, even if it was an element of her claim, you would have had to make a motion for judgment as a matter of law to preserve the issue. And in the oral interchange that you had with the judge, it was not clear to me that that's what you were doing. Well, I think that's what the effect of it is, and considering that the judge was curtailing what could be said at that point, I think it's a fair interpretation to say it's a Rule 50A motion. Normally, you don't have to label things as it's the substance of it, and I think the substance of it meets with what Rule 50A requires, which is an explanation of what grounds it would be to provide as a matter of law judgment in favor of the movement. And I think that's what they were attempting to do when the judge cut them off. So I'd like to start by talking about the two versus the 33 works. There were two copyright registrations, as I mentioned, first. And the district court, as a matter of law, found that there were 33 separate works. And that ruling led to the $3.6 million Statutory Damages Award, because it was essentially mapped by the jury after that, multiplying the Statutory Damages Award times 33. And to the rejection of the Section 412 bar, because the district court believed that Flora had not shown when each of the 33 separate works were infringed. If there's two works, both issues become much clearer. And we think that the judge's ruling was contrary to the Copyright Act, and it's actually the Copyright Act. So in the Copyright Act, in Section 504C, Congress was very narrow with statutory damages. It says that there's an award for all infringements with respect to any one work for which any one refriger is liable. Again, trying to cabin down how many statutory damages are available. And Section 504C ends with a particular important sentence, for the purposes of this subsection, all parts of the compilation or derivative work constitute one work. Again, trying to narrow down what you can get in statutory damages. Let me ask you just a very general question. Just set the facts of the case aside altogether. Is it possible to hypothesize an infringement case where a plaintiff recovers for infringement upon multiple works? In other words, recovers for infringement on collective works? Yes. Can we just stand here and make that up and say, sure? I think that is a possibility. It's going to depend on the case. Okay. And if that's right, how do we square that with the way compilation is defined in Section 101 of the Copyright Act? Well, I think that actually helps. Compilation is defined, and if you look at the end of... Right. To include collective works. Yes. To include collective works. Okay. If that's right, how is the hypothetical that we were just talking about possible? Because I think sometimes that people's labels versus whether they're really separate works. So part of this goes into how people file with the Copyright Office. So something that's really... I'm not talking about... I'm just talking about legally. Sure. Well, I think for this purpose, Judge, I'm not sure really how to answer your question for a hypothetical. But for this purpose, I think the answer is quite clear. I think hypothetically, you would have to look at the individual case and whether the compilation is really a compilation of separate works, or something that someone is... Was a single work that someone has labeled something. Okay. So partially, this is about labels. That's a legal question, though, right? It's a question for the judge, not the jury? Yes. Okay. And here, the judge determined that the two... I don't know what to call them. Two portfolios of illustrations contained collective works, correct? Yes. So... And I think that you've already pointed out the issue of Section 101. So Section 101 says a compilation at the end of it. The term compilation includes collective works. So if you read back into Section 504C1, if a collection is a compilation, then for purposes of statutory damages, it should be only entitled the one helping of statutory damages for each of the two copyrighted works, regardless of what they call them. And I would also say, if you look at the legislative history, which they did in Bryant, and I think in Zoom, they were very clear about... Congress was very clear about how they intended statutory damages to work. They wanted it to be narrow. And they said, even though if some work might be regarded as independent for other purposes, for statutory damages purposes, we're going to keep it together. Again, that's what the Congress said. And if you read the whole statutory damages from that approach, the district court's approach, essentially breaking apart the work into 33 separate parts, does not comport with that reading of the statute. In addition, I would say that claims... How do you know? How do you know whether you have a collective work or a compilation? Well, I think you can look in part here at how this work was created and what it does. So, this work was... It was a single flat fee for what essentially was a story about a single product and a story about another product. So, there were two different works about a single subject. They were hired and purchased for a single purpose. And they don't... And are these factors that you're talking through, are they in law somewhere? Well, some courts have applied different tests. I was just practically speaking how you would approach it. But some courts have applied an independent economic value test. Okay. And I was going to get to that in a minute. I would also mention that I don't think under the statute, again, under Section 101, that plaintiff's works could be called a collection, a collective work. Because if you look at how Section 101 defines a collective work, in any case, that's a periodical, anthology, encyclopedia, those types of things. So, what I think Section 101 is defining there is things that are independent beforehand and are assembled together. So, they have... If you look at those types of things, they all have different authors normally. They cover different subjects and they're assembled together. Plaintiff's work wouldn't meet that standard either. They were two works by a single author and they each covered a single subject. Each were intended to sell a single story and they were intended to be viewed as a whole. It's as if there was a children's book and someone saying, well, each illustration in each page is now going to get statutory damages. That's really not consistent with the statute. So, getting to the independent economic value test, courts, including Bryant, have rejected it as potentially unworkable. And I think in Erickson, this court looked for tests that were more practical to apply and didn't apply the de minimis test that was suggested by Professor Nimmer for a reason. And the independent economic value test does have some flaws in it. As I think some of the cases that apply it show, the TV episode cases kind of show how it's problematic to apply that because on one hand, the cases indicate, for example, that TV episodes don't generally have an independent economic value. They're normally sold as a series or a season, but yet the courts say, oh, but they're produced and aired independently and they tell different stories so we're going to consider them separate. It's internally inconsistent. But I would see, even if you apply that test here, this work would meet that test to be two works, not 33. Again, because there was a flat fee paid for each work. They were considered to be a whole. They were never marketed or sold in parts by the plaintiff. And they tell a single story. So I know the district court went against you on this point. And are you sure you don't have a waiver issue here by not objecting to that jury instruction? It was repeatedly. There were made objections. There were briefs on the subject. The district court settled the issue. And so at that point, there was really no further need to object to the district court. He had settled the issue as a matter of law and the position was made clear. So when the district court provided the instruction on the issue, this collective works issue, and asked the question, does anybody have any objections to this? You're not legally obligated to just renew your objection at that point in time? I think because... I know you were litigating it all along. I get that part. Because the positions have been so clearly stated, judge, I think under this court's case law, I don't think an additional objection was necessary. And what's the best case you have in mind on that point? I believe our briefs cite several cases. I don't have one handy for you. But I recall a brief citing three or four cases on that point. And again, it was an issue that the court decided as a matter of law. And there was multiple briefs. There were at least three briefs preceding that. So it was heavily briefed and heavily argued before that. So that brings me to my next issue, which is the application of Section 412. So what Section 504 provides, Section 412 takes away. And the district court relied on its finding of the 33 separate works to reject the application of 412. At least principally, that was one of its findings. Now, if this court were to find there's only two works, the issue of Section 412 becomes clearer, and it should be error that the district court found that 412 was not applicable. So the Copyright Act, it provides for enhanced statutory damages. But Section 412 limits that application. And in the cases where infringement starts after publication, but before registration. Now, there's strict compliance with this. And no court has ever ruled that strict compliance is not required. Counsel, let me ask you a question about how this provision works. What if you infringe before and after? Is it kind of like if you've infringed before, okay, then you have a pass on the statutory damages provision. And you can continue to fringe after without being liable for statutory damages? Or is it just, are statutory damages precluded only for the earlier infringements? How does that work? So the statute reads that if any infringement commences. And that's the word it used. Any infringement commenced. So if any infringement starts before the registration and continues afterward, statutory damages don't apply at all. And again, this is only with regard to statutory damages. Not with regard to any other means of proving damages. So what I'm asking is, this is probably clear, and I just want to clarify this as a matter in my own mind of how it works. So let's say I'm a radio station, and I play a song before it's copyrighted, before it's registered. And then I continue to play it repeatedly, repeatedly after. I'm not going to be liable for any statutory damages, even for the 105 subsequent playings of the song. That's correct. And that's true even if you're knowingly and purposely doing that after you're aware that the copyright's been registered? That's correct. Is that settled by a case? I believe we cited, I believe the... I don't know, so your brief was a little confusing. Our brief cited, I believe almost all the circuits that have confronted the issue have a rule that that's exactly what the statute means. And that is what the statute says. Because it does say, and they've interpreted it because it says any infringement can commence. That commencement means any occurrence of it. That there's no other way that it can commence. But it seems to me like it's new infringements. If I'm the radio station that plays it 105 times after it's been registered, it hasn't commenced. It commenced afterwards, the next time I played the song. As opposed to if I infringe a copyright on a children's book and I use an illustration, so we're just talking about a single illustration and I put it in my children's book and then I send my children's book out for sale. I guess I could see how even subsequent purchases of the children's book it's out on the shelves in Barnes & Noble. I guess I can see how that commenced because I put it inside the book. But it seems to me there must be a distinction between infringements that commence before the copyright is registered and ones that are repeated. If I continue to sell that children's book to new distributors perhaps. Is that how it works? There is not. So the statute is if any infringement commences before the registration. So you can infringe with impunity? Not with impunity because obviously there's still actual damages that can be approved but the special statutory damages can't be invoked. Because the purpose of the statutory damages is to encourage early registration. So if the statutory damages are available for people who late register Congress did not want that. In part when they amended the statute in I believe it was 1976 from the 1909 version they changed some certain things and allowed protection for unpublished works but to encourage registration they said wait you can't get statutory damages if you don't register your copyright early. And every court I believe that has confronted this issue in the circuits. Mr. Carmichael is your bottom line answer to Judge Barrett that the subsequent playing is going to be covered by possible actual damages? Yes. It doesn't preclude any other types of damages. It would just preclude application of the special statutory damages in section 412. So section 502 and 412 work in tandem with the statutory damages issue. Here we have two works that were published in April and July of 2013 and registered in November and December of 2013. An infringement occurred at least as the plain stone testimony started in at least October of 2013 which would put it before she had registered either of the copyrights which means that she would not have statutory damages available. Can you address the joint authorship question? Yes. And the concern that I have there is you didn't move under Rule 50B That's correct, Your Honor. Why don't you have a waiver problem there? As far as a challenge of the sufficiency of the evidence I think that exists there, Your Honor. So what we are relying on I think it's probably more clearly put out in the reply brief is the exception that it was a legal issue that survived summary judgment. So there is an exception that this court has found in certain instances that there are legal issues that will survive summary judgment and survive through a trial and still be reviewed despite Rule 50. What's the legal issue? The legal issue as we believe it is the district court's finding that the copyright registration alone created a genuine issue material fact. The district court felt that that registration alone created a genuine issue material fact and we think that was a legal error on the district court's part. I thought Judge Connolly, your adversary I thought Judge Connolly just said we need to have a trial on the question of joint authorship. He did say that, Judge but what he said in getting there was I believe it's on page 25 of his decision he comments about looking at Mr. Silver's contributions and he says if it weren't for the plaintiff benefiting from the presumption created by the copyright registration I would have granted summary judgment. Meaning it's so clear but there's this registration so therefore I can't and we don't think as a matter of law that that's consistent with how this court approached it in Jankey  had given too much credence to simply the registration itself creating an issue. Where are you looking at in his decision? I think it's on page 25, it's in the appendix as well Alright, you can go ahead I see him close to my rebuttal time so I'd like to reserve the remainder Thank you Mr. Carmichael Mr. Van Kamp Thank you Your Honor May it please the court Eli Van Kamp from DeWitt LLP appearing on behalf of the plaintiff appellee and cross-appellant Amy Sullivan also appearing is attorney Harry Van Kamp as well as our client Amy Sullivan who is sitting here in the courtroom Flora's appeal depends entirely on the fact that they are arguing that there are legal issues that the court got wrong but all of their appeal is about the sufficiency of the evidence and we can see that best by looking at Flora's brief itself and I'm quoting from Flora's brief Flora says the evidence is insufficient to support the verdict that's a sufficiency of the evidence issue and as came up during counsel's hearing a number of times Flora failed to make the proper 50A motions they don't even claim in their briefing that they made any 50B motions and so the sufficiency of the evidence issues have not been preserved Well that's perhaps true for the sole authorship question but can you address the question that I asked counsel about whether counsel made a 50A motion on the date of the copyright infringement question on the section 504C statutory damages question Flora absolutely did not make a rule 50A motion on the 412 issue regarding the effective dates of registration Tell me why not because as counsel pointed out he did raise this timeliness issue and invoked the statute so even though he didn't say I'm moving for judgment as a matter of law and he didn't invoke rule 50A that I saw in the transcript can you explain to me why he didn't preserve it Sure and I think it's very important on that issue to get in the specific facts of this case because I think when you look at the facts it's very clear that Flora's counsel did not raise a 50A motion and you have to look at the context in which it was raised so and this goes to the heart of the 412 issue because Flora is assigning error to the judge the district court judge and saying that he got something wrong but Flora is the party that prevented the judge and prevented the jury from deciding any issue related to 412 and I'll tell you about the 50A motion so this issue was raised for the first time in the entire history of the case after the jury had been instructed that the jury could award statutory damages and it was during the discussion of a relevance objection on an issue of testimony that had nothing to do with section 412 or the dates of infringement or what illustrations had been infringed during a sidebar on a relevance objection in explaining the relevance of a question Flora's counsel raised the 412 issue for the first time and they didn't say anything about asking for judgment of any sort there was no mention of 50A there was no mention of judgment as a matter of law no mention of getting judgment in their favor at all and counsel's suggestion that there's sort of a loose requirement about 50A is just not the case under 7th Circuit law the 7th Circuit is very strict about the requirements for a Rule 50A motion that you have to actually seek judgment and you have to specify the grounds for seeking judgment and if you look at the transcript that never happened and I think what is additionally critical to look at in that exchange and in the context of the case is when that 412 issue was raised for the first time in a relevance objection at a sidebar during the third cross examination of Amy Sullivan the court gave Flora an opening to address the issue the court said how are we going to deal with this how can the jury possibly consider this at this late date I think the court was rightly incredulous at that point that the 412 issue hadn't been raised at any point before but the court gave Flora the opportunity to address the 412 issue right there they said how is the jury going to deal with this and at that point it was incumbent upon Flora to tell the court we have evidence about this we need to present this evidence right now so that the court can make a decision on it and so that the jury can make a decision on it but that's the exact opposite of what Flora did. Well Flora would have the obligation to introduce evidence on it if it's an affirmative defense and Flora bore the burden I'm asking whether let's assume that Sullivan bore the burden on that would Flora still lose? Absolutely. Okay so Flora on that scenario Flora wouldn't have the obligation to introduce evidence on this 412 question Flora would have to poke holes in what Sullivan showed so if that's how this should have gone down tell me why they didn't make a 58 motion. Right and so if the issue had been properly in dispute and we contend that it was not properly in dispute because it was never raised if the issue had been properly in dispute your honor is correct that if Flora had raised a rule 58 motion then their obligation at that point is to poke holes if indeed the burden was Amy Sullivan's to do which again we dispute in our briefing but they didn't do that they didn't identify the evidence or the lack of evidence that meant that the court had to rule in their favor and this is what I was getting to before that when the court gave Flora the opportunity to address this issue and get it decided and so that they could poke the holes in it as your honor suggests they didn't do that the court said how's the jury going to consider it and Flora told the district court that the jury should not consider it Flora told the court we're not asking the jury to consider this issue and so they took it away from the district court's decision they took it away from the jury possibly being able to decide the critical factual issues the dates of infringement which illustrations were infringed and then the trial continued past that point with Flora again doing nothing to address the issue or allowing the court to address the issue. Mr. Van Kamp this seems like a really key point because if I read Judge Connolly's decision correctly I think it aligns with what you're saying you tell me if I've read it correctly or not and that is he's saying the belated raising of the 412 issue just jammed everybody because there was no evidence to be developed on either side of the question as to when the infringement began if you agree with that mostly I do yes your honor if it's an affirmative defense isn't that further a problem for Flora yes that's right what I'm getting at right now is let's give Flora the benefit of the doubt that they could raise this at the very last minute even though as the district court pointed out there was no evidence and dispute about the issue let's give them the benefit of the doubt what I'm suggesting now is that even if we give Flora the benefit of the doubt on that issue and I don't think the court should but even if we do they had an obligation at that point to do something to make sure that the jury could decide the factual issues and dispute there's got to be you can make the 412 argument but it's got to be rooted in evidence in the record at some point correct when I look back at this now on appeal I sympathize with Judge Conlin because I don't have any idea in the record what evidence speaks to when the infringement began with any particularity you have the October 2013 letter I don't know what the infringement was relating to so how do you how do we now on appeal sort through this with any particularity at all I think the answer is that you don't the issue has been absolutely waived by Flora and as I was just discussing they prevented the issue from being decided by the judge or the court even if there were any evidence about it because there were no jury instructions just kind of on this point Judge Scudder is making there were no jury instructions telling the jury that they had to consider the dates of the infringement as compared to the date of the registration that's correct and Flora forwent the opportunity to have that included in the jury instructions exactly right the jury instructions instructed the jury exactly contrary to Flora's theory that they are claiming that they brought up and the jury instructions were and the jury instructions had already been given to the jury that they could award the full award of statutory damages and Flora never objected to that and so I think another critical issue regarding the factual context here is after this relevance objection happened Flora continued the cross examination of Amy Sullivan and didn't ask her a single question about the dates of infringement or about what illustrations had been infringed and after that the court then asked Flora okay now is your opportunity to put on your own witnesses and your own evidence on the issue of damages and Flora declined to put on any witness or any evidence on the issue of damages and that failure is even more egregious when you take into account that the person for Flora who would know most about when the infringement occurred and keep in mind Flora is the one doing the infringement so they're going to know the dates if they had any evidence to support their position the person who would have known that information was Tricia Terpstra who had control of the working files focused on the infringement Tricia Terpstra was in the courtroom for the entire trial she testified twice and they didn't call witness Terpstra to testify on damages Flora didn't call any witness to testify on damages even though they had all of the information the exhibits that Flora is pointing to now that they claim showed that there was pre-registration infringement which I agree with your honor that those don't say anything about when the dates of infringement began they don't tie anything to the actual registered illustrations but they didn't put on any witness to say oh you know actually even though we've been denying infringement for the past two years and saying no infringement happened at any time ok we're flipping now and we're going to say ok actually there was a lot of infringement and we're admitting that infringement happened prior to these certain dates if they actually had evidence to support that they were the ones in possession of it these letters that they identified they had for years prior to trial so if they actually had evidence to support their position they would have presented it and they didn't counsel I want to make sure you have time to address I have some questions about the section 504c as well can you please address the questions that we directed towards your opponent with respect to how do you make sense of this statutory definition saying a compilation includes collected works so I agree for the most part with Flora's counsel that what a registrant calls their registered illustrations or works doesn't particularly matter in terms of the categorization of them I think as we saw from counsel's argument the determination of whether works are qualified as compilations or collective works is a fact intensive inquiry and we saw counsel going through facts about why they should qualify as compilations which is not something that Flora did before the district court so on the issue of the 504c according to I mean I think what we see in the cases themselves is that it is an intensive factual inquiry to determine whether works qualify as compilations or not and there are cases that explicitly say that including the cases that are relied upon by Flora so the cases relied upon by Flora including the Gamma case from the First Circuit and the Bryant case from the Second Circuit explicitly state that the determination of whether works qualify as compilations under 504c is a mixed question of law and fact and in addition again we take the position that the issue hasn't been preserved at all but even if it had been preserved there's an issue related to that as to the standard of review because what the Gamma case makes clear that Flora relies on is that mixed questions of law and fact like the issue of whether works qualify as compilations are reviewed under a clearly erroneous standard and that's also the standard that the Seventh Circuit has adopted on mixed questions of law and fact and so Flora has said in their brief that this issue is reviewed de novo but it's not. It's reviewed under a clearly erroneous standard and we agree with counsel that there's a factual inquiry that needs to be done to determine whether the works themselves qualify as compilations and what the district court pointed out in its decision on this issue below is that Flora didn't offer any theory or any factual analysis to suggest that the works at issue were compilations under 504C but the district court was aware of all of the facts and law that pointed to the direct opposite conclusion that every single one of the 33 illustrations at issue was entitled to a separate award of statutory damages so the district court was aware that the registration had occurred under 17 U.S.C. 408C and 37 CFR 202.3 which is exactly the type of registration that parties do where they can still be entitled to an award of multiple statutory damages under one copyright registration. That issue is directly addressed in the gamma case which again Flora is relying on from the First Circuit The gamma case addresses the exact type of registration that Amy Sullivan did in this case under 408C and under 202.3 and said that that is the type of registration you can do while still qualifying as separate works for purposes of awarding statutory damages the First Circuit said we're unable to find any language in either the statute or the corresponding regulations that precludes a copyright owner from registering the copyrights in multiple works on a single registration form while still collecting an award of statutory damages for the infringement of each work's copyright. And so the law we think is very clear on this issue that you absolutely can be entitled to an award of multiple statutory damages for one copyright registration. And that's notwithstanding in your view the way compilation is defined in section 101. Correct. Okay, so I just want to make sure I'm clear on it. Your point is it may be defined that way in 101 in fact it is, right? It's very clear a compilation includes a collective work. Your point is that that definitional provision though does not limit these multiple awards of statutory damages for collective works. That's right. That's our position. And what the district court knew at the time that it made its decision was the type of considerations that courts take into account when determining whether each work has essentially its own life such that it can be evaluated for its own award of statutory damages. The court knew in addition to the fact that it had been registered properly in a way that would entitle the work to, could entitle the work to statutory damages. The court knew that the copyright registrations don't say that they're compilations. And under the application process you're supposed to label it if it is a one case that we've cited indicated that's prima facie evidence that the works are not compilations. Well sure, but surely you can't not call it a compilation as a way of evading the restriction on statutory damages. Right. I would agree with that. But that was only one of the things that the court knew. What the court also knew was that, you know, the typical compilation and something that would directly meet the definition of compilation is a music album. And that's something that you see come up in the case law. But what the district court knew was that these illustrations weren't registered as something like a music album. They were not registered as a video or a book or a magazine. And in fact, if you just list them all together, if you put these in a book all together, they wouldn't make any sense. What the district court knew was that there were individual illustrations, each illustration entirely different from each of the other ones, showing different pictures. And on the economic value, which, as counsel was indicating, is one of the issues that courts look at to determine whether works qualify as compilations or whether they're entitled to separate statutory damages, Flora conceded in the Rule 59 motion that each illustration has a separate and independent economic value of, according to Flora, $3,000 to $6,000. And so Flora conceded That's in the Rule 59 brief? That's correct. And they were making the argument at that point about why certain damages information was wrong. But they conceded that they said every illustration has a worth of $3,000 to $6,000. Does that, in your view, explain why they may not have objected to the jury instruction that I was asking your colleague about? I don't have an explanation as to why Flora didn't object to the jury instruction. I think they needed to, as we pointed out in our As counsel stated that Flora made repeated objections to the jury instructions and I disagree with that characterization. Flora requested a jury instruction that reflected their view on the 2 v. 33 illustrations. And the judge made a ruling on it, and that was it. Flora didn't object to the district court's order on the issue. The whole trial went forward, and facts were developed, and facts could have been developed on issues related to these things. And yet Flora did nothing to develop the facts, and Flora didn't object when the jury instruction indicated that the jury could award separate awards for each one of the 33 illustrations. And so our position is that Flora absolutely needed to make an objection to the jury instruction. And by allowing the jury to be instructed that they could award damages for each single illustration, they waived that issue. And as we've also indicated in our briefing, because this is a factual issue, because it's a fact-intensive inquiry, and because they didn't provide any facts to the district court from which the district court could decide in their favor, but they needed to develop facts and they didn't. And if they had developed facts, then they needed to present, yet again, a Rule 50A motion and it needed to be renewed under Rule 50B. And they didn't do that. And that's another reason they waived the issue. And there's one more important waiver issue. According to Flora, the error that they're assigning to the district court is that the district court improperly denied their Rule 59 issue on this motion. They say that twice in their brief, at pages 18 and 47, that the district court erred in denying their Rule 59 motion. And their Rule 59 motion was primarily about the amount and availability of statutory damages. But the problem for their Rule 59 motion was denied. They didn't do anything to amend their Notice of Appeal, as they're required to do under Federal Rule of Appellate Procedure 4. And they're required to do that in order to preserve any issue that was raised in Rule 59. And so the fact that they didn't make a Rule 50A motion, a 50B motion, they didn't preserve their Rule 59 issue, and all the other issues that we've discussed, they haven't preserved the issue. And in any event, as the district court correctly pointed out, there was no information or theory that was provided by Flora to the district court from which the district court could have ever found in their favor. And it's not like the district court was deciding the issue in a vacuum. The district court had all of the information that I was just going over, indicating that indeed each illustration is entitled to a separate award of statutory damages. Mr. Van Kamp, can I ask you this hypothetical? I'm not tying it exactly to Flora, but let's say a corporate entity seeks the services of a creative person like Ms. Sullivan, and whether it be a clothing line or, we could list a whole number of products, and suggest that they have a theme for the sale. And various illustrations are submitted, each of them having copyright potential. Why isn't that similar to the album situation like in Bryan? In other words, the focus of the request is for a particular thematic approach to the sales of X. And seven illustrations separate in the sense that they're freestanding, but they have they speak to the theme that's requested by the entity that's asked for them. Isn't that close to the Bryan album situation? Well, Your Honor, it's a little bit difficult for me to speculate on the hypothetical. If you want to move it away from, or close to our case, that's fine too. Well, I guess what I would say is that, assuming that the artist is the one who is registering the illustrations, what matters is how the clothing, or whatever it was, how those are registered, and the facts related to the artist. So I'm not aware of any case law having the focus on the party who is ordering the subject matter from the artist. So the cases that I'm aware of dealing with this issue, the factual analysis dealing with, say, the album issue, versus, I think one of the cases, Flores cited the Coogan case, talks about Mickey Mouse and Minnie Mouse characters versus Playboy pictures. And the focus is on what the plaintiff, meaning the registrant, intended, not what the person who ordered it was. And so, for instance, in the photograph context, the fact that there were entirely different pictures and that sort of thing made a difference, even though they were all in one work. And in the album, it's the plaintiff who was deciding that all of the songs were going to be on one album. And so I guess my response would be that it doesn't matter what the person ordering it does. And that's what the case was. I'm just trying to think where the focus should be recognizing that creating artists has independently determined them to be separate. But when we view it in the context of the damage situation, I just wanted your view on that. I guess I think I've got about 19 seconds left, so the last thing I'll say is that I think what that illustrates is that what courts do in those situations is they have a fact-intensive inquiry. Flora didn't present any facts, and they haven't preserved factual issues because they didn't make the right motions. Thank you. Thank you. Mr. Carmichael. Thank you. On the 504C issue, which you were just discussing, I did want to point out that this was heavily briefed. So there's docket entries 210, 223, and 237, I believe. Lengthy briefs, both side presenting issues. In addition, as I think counsel pointed out, Flora put forward its own instruction on the issue, which again was rejected by the district court. And the Dresser Industries case from this circuit, and the Dawson case, which we cited, I think, on page 39 of our brief, would go to the point about the jury instruction and not needing an additional objection after the court had rejected our instruction and said, no, there are 33 works, not two works. That issue is done. And the judge himself in the district court relied, I think, very heavily on the registration to find that there were 33 separate works in the collection label that was on there. And I think if you look at the Code of Federal Regulations, there's different provisions you can look at. He looked at some and believed it indicated that they were separate then. There's other provisions that we pointed to that indicated that you could register this and it looks like they're a single work. It's very difficult for the judge to have made that call just based on that alone. And that seems to ignore how the product was actually produced. And pulling one image out doesn't quite make sense here because we have two individual projects that were created for a single purpose and that tell essentially a single story about a single product. So we think that kind of destroys what originally was intended here, both by the purchaser and the person providing the services. On the Section 412 issue, I believe that there's a Johnson case from the Sixth Circuit. That's very clear. The Mason case from the Fifth Circuit and the Derrick case from the Ninth Circuit. I'll talk about how Section 412 is very rigorously applied and even in instances where the infringement continues after the copyright registration, if any infringement occurred before any infringement, all statutory damages don't apply then at that point. And if you read the transcript, I know counsel indicated that Flora should have done something else after bringing the issue to the judge. The judge was very clear that he was going to have no further about this. No further argument, no further testimony. In fact when Flora attempted to illicit testimony that's when he cut them off. So they put what evidence they could in the record and I think that that evidence is sufficient for your review to show that clearly infringing conduct started before the registration occurred. And that's all that matters for Section 412. If any infringing conduct starts before the registration then the statutory damages don't apply. Do you view Section 412 as an affirmative defense, just as a legal matter? Well, different courts have... Now what's your view? My view is it's not. It's sort of the 504, or 502 and 412 sort of operate in tandem. And so plaintiff in different parts of the Copyright Act has to show that they have a registration and things so essentially 412 is more or less part of the plaintiff's case to show that they've registered their work and that they were infringed. They're going to be proving those points more or less. And what I think the court indicated in questioning was that the defense is really going to be poking holes, not going to be affirmatively taking on some additional burden there. So I think like here the defense is going to be looking to poke holes and say, oh well let's talk about that infringement that you wanted to point out. When did that start? So the defense is going to poke holes but I don't think the defense quite has the burden on that issue. It's not clear necessarily from the statute, but if you look at how the statute operates I think it's a fair, reasonable interpretation that courts have believed that it should be the plaintiff's burden. And the courts that haven't really indicated that I think that those were in different contexts whether it's a summary judgment motion where different people are going to have the burden to demonstrate that there's no genuine material fact and things such as that. I see my time is almost up so I'm going to ask the court to reverse and vacate the judgment on the damages issue with respect to the two works versus 33 works. There were only two works here and the district court made the legal error in concluding that there were. And that legal error then crept into the section 412 issue where the district court should have then applied 412 and said that the statutory damages were unavailable. We'd ask that you vacate that decision and remand with Thank you Mr. Scarborough. Thanks to all counsel. The case is taken under advisement.